IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SHANA SCHOONMAKER, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-16-1145-R
 )
NANCY A. BERRYHILL, Acting )
Commissioner of Social Security )
Administration, )
 )
       Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff, Shana Schoonmaker, seeks judicial review of the Social Security Administration's denial of disability insurance benefits (DIB). This matter has been referred by United States District Judge David L. Russell for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B), 636(b)(3) and Rule 72(b), Fed. R. Civ. P. The Commissioner has filed the Administrative Record (AR), and both parties have briefed their respective positions.[1] For the reasons set forth below, it is recommended that the Commissioner's decision be reversed and the matter remanded for further proceedings consistent with this Report and Recommendation.

**I.**    **Procedural Background**

On March 24, 2015, an Administrative Law Judge (ALJ) issued an unfavorable decision finding Plaintiff was not disabled and, therefore not entitled to DIB. AR 15-23. The Appeals Council denied Plaintiff's request for review. AR 1-7. Therefore, the ALJ's decision constitutes the final decision of the Commissioner. *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

---

[1] Citations to the parties' submissions reference the Court's ECF pagination.

## II. The ALJ's Decision

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining process); *see also* 20 C.F.R. § 404.1520. The ALJ first determined that Plaintiff met the insured requirements of the Social Security Act through June 30, 2016, and had not had not engaged in substantial gainful activity since her alleged onset date, January 23, 2012. AR 17.

At step two, the ALJ determined that Plaintiff suffers from the following severe impairments: multiple sclerosis (MS); degenerative disc disease of lumbar spine; disc bulge of thoracic and cervical spine; and obesity. *Id.* The ALJ found Plaintiff did not have any severe mental impairment. *Id.*

At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. AR 18-19.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding that she could perform a wide range of light work and the full range of sedentary work.[2] Specifically, the ALJ found Plaintiff can:

> [L]ift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 2 hours in an 8-hour workday and sit 6 hours in an 8-hour workday. She occasionally can balance, stoop, kneel, crouch or climb stairs and ramps, but never climb ladders, ropes or scaffolds and never crawl. She must avoid concentrated exposure to vibration, unprotected heights or moving machinery.

AR 19.

---

[2] *See* 20 C.F.R. § 404.1567(a) and (b) (setting forth requirements for sedentary and light work).

At step four, the ALJ determined Plaintiff can perform her past relevant work as tax clerk, front office clerk and collections representative. AR 22. Therefore, the ALJ concluded that Plaintiff was not disabled for purposes of the Social Security Act for the time period under review. AR 22-23.

### III.   Claims Presented for Judicial Review

Plaintiff brings the following claims for judicial review: (1) the ALJ's failure to properly evaluate the opinion of consultative examiner J. Ronald Cruse, Ph.D., constitutes reversible legal error; and (2) the ALJ's RFC determination is legally flawed and not supported by substantial evidence due to the ALJ's failure to include any manipulative limitations.

### IV.   Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own

judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

V. **Analysis**

A. **The ALJ's Failure to Discuss the Opinion of Dr. Cruse**

Plaintiff claims the ALJ erred by failing to address the Mental Status Exam of Dr. Cruse conducted on July 20, 2011. In response, the Commissioner concedes that the ALJ did not address Dr. Cruse's opinion but argues that "it is apparent from the ALJ's decision that she would have discounted the opinion." *See* Def.'s Brf. at pp. 7-8. The Commissioner contends any error by the ALJ was harmless. According to the Commissioner, because the ALJ found Plaintiff's anxiety and depression were non-severe, "the ALJ would have discounted any portion of Dr. Cruse's opinion that did not align with those findings." *Id*. at p. 9. Because the Commissioner's argument consists solely of impermissible post-hoc justifications, it should be rejected. *See Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) (holding that where ALJ omitted discussion of evidence, the reviewing court may not provide an explanation for the omission).

1. **Governing Law**

An ALJ is required to evaluate every medical opinion, regardless of its source. 20 C.F.R. § 404.1527(c). Medical opinions include statements from consultative psychologists "that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions." *Id*. § 404.1527(a)(1).

Social Security Ruling (SSR) 96-6p provides explicit guidance on how the ALJ must consider opinions of consultative examiners, including opinions of psychological consultants. SSR 96-6p, 1996 WL 374180 (July 2, 1996). These opinions "must be treated as expert opinion

evidence of nonexamining sources" and ALJs "may not ignore these opinions" but "must explain the weight given to the opinions in their decisions." *Id.* at *1.

In addition to these requirements, when discussing the evidence supporting her decision, the ALJ "must discuss the uncontroverted evidence [s]he chooses not to rely upon, as well as significantly probative evidence [s]he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The ALJ must not pick and choose among the medical evidence, using portions of evidence favorable to her position while ignoring other evidence. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). Finally, a failure to consider medical opinion evidence, where significantly probative, constitutes clear error. *See Victory v. Barnhart*, 121 F. App'x 819, 825 (10th Cir. 2005) (*citing* 20 C.F.R. § 404.1527(d)); *see also Huston v. Bowen*, 838 F.2d 1125, 1131 (10th Cir. 1988) ("An ALJ may not ignore the evidence and make no findings.").

### 2. The Opinion of Dr. Cruse

Dr. Cruse conducted a mental status examination of Plaintiff on July 19, 2011. AR 429-433. He noted that observations and responses during the examination were "of good reliability and validity" and that "[m]alingering or exaggeration of symptoms" was "not likely." AR 432. He opined that Plaintiff's mental/emotional disorders include anxiety and depression. AR 431. He further opined that her "[o]ccupational functioning has been severely impaired for one year and five months" and that Plaintiff suffers moderate impairment in both interpersonal functioning and personal functioning. AR 432. Dr. Cruse found Plaintiff's current stress level also to be moderate. *Id.* He diagnosed Plaintiff with anxiety disorder, NOS and assessed her current GAF as 48. *Id.*[3] He opined that her "[p]rognosis is judged to be fair" and that there was a "moderate

---

[3] "A GAF score of 41-50 indicates '[s]erious symptoms . . . [or] serious impairment in social, occupational, or school functioning,' such as inability to keep a job." *Langley v. Barnhart*, 373

5

probability that treatment will result in substantial improvement over the next twelve months." *Id*. Dr. Cruse recommended "[t]reatment with counseling and psychotropic medication." *Id*.

### 3. The ALJ's Decision

The ALJ states in her decision that she gave "careful consideration" to the "entire record" when rendering her decision. AR 17. However, the ALJ's decision makes no reference to Dr. Cruse's opinion.

The ALJ concluded, at step two, that Plaintiff did not have any severe mental impairment.[4] Nonetheless, the ALJ was required to consider the limiting effects of any non-severe mental impairment in determining Plaintiff's RFC. *See* 20 C.F.R. § 404.1545(e).

The ALJ included no mental limitations in Plaintiff's RFC. The ALJ noted Plaintiff's treatment records reflected a diagnosis of "depression and anxiety or panic disorder with agoraphobia" but concluded that "[w]hile [Plaintiff] received treatment in 2011 and some treatment thereafter there is nothing showing her condition *is at a severe level of limitations or impairment*." AR 22 (citing Exhibits 8F and 9F) (emphasis added). This statement reflects that the ALJ apparently disregarded any mental limitations based on her previous finding that Plaintiff's mental impairments were non-severe. *Cf. Wells v. Colvin*, 727 F.3d 1061, 1069 (10th Cir. 2013) (noting that language used by ALJ in assessing the claimant's RFC "suggest[ed] that the ALJ may have relied on his step-two findings to conclude that [the claimant] had no limitation based on her mental impairment" and "[i]f so, this was inadequate under the regulations and the

---

F.3d 1116, 1122 n.3 (10th Cir. 2004) (*quoting* American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (Text Revision 4th ed. 2000) at 34).

[4] The ALJ did not cite any medical evidence of record in support of the step-two finding. Instead, the ALJ relied exclusively on Plaintiff's function report and a third-party function report. *See* AR 18 (citing Exhibits 3E and 5E).

Commissioner's procedures"). Stated another way, finding that Plaintiff's mental impairments are not at the "severe level" merely restates the definition of a non-severe impairment, which is "not the same as explicitly finding *no* limitations." *Mushero v. Astrue*, 384 F. App'x 693, 695-96 (10th Cir. 2010) (emphasis added) (finding reversible error where ALJ found no "significant limitations" due to mental impairment which was not the same as finding no limitations, and failed to address those limitations in RFC or discuss opinion of agency psychiatrist who assessed limitations).

The ALJ's failure to consider Plaintiff's non-severe mental impairments as required by the governing regulations constitutes error. *See* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity."); *see also* SSR 96-8p, 1996 WL 374184, **5-6 (July 2, 1996) (stating the ALJ must conduct the RFC assessment on a function-by-function basis and include both exertional and nonexertional limitations for both severe and nonsevere impairments); *Wells*, 727 F.3d at1 1071 ("[T]o the extent the ALJ relied on his finding of non-severity as a substitute for adequate RFC analysis, the Commissioner's regulations demand a more thorough analysis.) (*citing* 20 C.F.R. § 404.1545(a)(2)).

This error, combined with the ALJ's complete failure to discuss Dr. Cruse's opinion, as required, constitutes reversible error and requires a remand. Indeed, the ALJ's overall failure to discuss Dr. Cruse's opinion precludes meaningful judicial review of the Commissioner's decision. *See Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("[W]hen . . . an ALJ does not provide any explanation for rejecting medical evidence, we cannot meaningfully review the ALJ's determination.").

Contrary to the Commissioner's argument, any error is not harmless. "An ALJ's failure to weigh a medical opinion involves harmless error if there is no inconsistency between the opinion and the ALJ's assessment of residual functional capacity." *Mays v. Colvin*, 739 F.3d 569, 578-79 (10th Cir. 2014). Here, however, an inconsistency exists between Dr. Cruse's opinion and the ALJ's RFC assessment. The ALJ included no mental limitations in the RFC. Conversely, Dr. Cruse's opinion reflects "severe impairments" in occupational functioning and moderate limitations in Plaintiff's "interpersonal" and "personal" functioning.[5]

In sum, therefore, a remand is required. The ALJ committed reversible legal error by failing to discuss Dr. Cruse's opinion and separately assess the effects of Plaintiff's non-severe mental impairment(s) in making the RFC determination.

### B. Omission of Manipulative Limitations from the RFC

Plaintiff further claims the ALJ erred by failing to include manipulative limitations in the RFC or provide adequate reasons for not including such limitations. Plaintiff contends a remand is required because the jobs relied upon by the ALJ at step four each requires frequent reaching and handling as well as frequent or constant fingering. *See* Pl.'s Brf. at p. 14.

The Commissioner responds that the ALJ properly weighed the medical evidence and determined the evidence did not support any manipulative limitations in the RFC. Although the evidence may have been conflicting, the Commissioner contends the ALJ was charged with resolving that inconsistency and the ALJ's decision is supported by substantial evidence.

---

[5] The VE testified that a limitation to "minimal and superficial interaction with co-workers, supervisors and the public" would eliminate all of Plaintiff's past relevant work. AR 70. The Court expresses no opinion as to whether the "moderate limitations" in Dr. Cruse's opinion equate to the limitation set forth in the VE's testimony. On remand, however, the ALJ is reminded that hypotheticals to the VE must "relate with precision" a claimant's impairments as borne out by the evidentiary record. *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991).

Both parties reference the opinion of Michael Salrin, D.O., a treating physician, who opined that Plaintiff could only occasionally reach, and the opinion of Durado D. Brooks, M.D., an impartial medical expert, who opined that Plaintiff had no manipulative limitations.

### 1. The ALJ's Decision

Dr. Salrin completed a "Physical Medical Source Statement" assessing Plaintiff's ability to perform work-related activities and opined that Plaintiff can occasionally reach. AR 707-708. The ALJ gave Dr. Salrin's opinion "little weight" because his opinion was not accompanied by any treatment records. AR 21. The ALJ further found that Dr. Salrin's opinion was "inconsistent with other significant medical evidence including treating neurologist records and medical opinion evidence given at the hearing." *Id*.

Dr. Salrin's medical source statement is the only evidence of record setting forth any manipulative limitations. As Plaintiff concedes, and the ALJ found, "[t]he record does not contain an opinion from Dr. Zubair [,Plaintiff's treating neurologist,] regarding [her] work-related limitations." *Id*. And, the medical expert, Dr. Brooks, did not include any manipulative limitations in his opinion testimony about Plaintiff's RFC. AR 43-44.

### 2. The Mere Existence of Left C5 Radiculopathy Fails to Establish the Need for Manipulative Limitations in the RFC

Plaintiff does not challenge the weight the ALJ gave to Dr. Salrin's opinion. Instead, Plaintiff contends the ALJ "provided no explanation for giving "some weight" to Dr. Brooks' opinion and further contends Dr. Brooks' opinion, itself, fails to explain the basis for excluding manipulative limitations from the RFC. *See* Pl.'s Brf. at p. 14. Plaintiff contends objective medical evidence – specifically electro diagnostic testing which revealed a left C5 radiculopathy – supports Plaintiff's reported symptoms and warrants manipulative limitations in her RFC. *Id*.

Plaintiff's claim lacks merit. The mere existence of a severe impairment does not establish disability under the Social Security Act. Instead, functional limitations must preclude any substantial gainful activity. *See e.g. Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997) ("the claimant must show more than the mere presence of a condition or ailment"); *see also Paulsen v. Colvin*, 665 F. App'x 660, 666 (10th Cir. 2016) ("The mere diagnosis of a condition does not establish its severity or any resulting work limitations.").

Plaintiff fails to meet her burden to show evidence of manipulative limitations resulting from the left C5 radiculopathy.[6] Plaintiff impermissibly attempts to shift her burden of proof by contending Dr. Brooks was required to explain reasons for not including such a limitation when providing his expert opinion.[7] But Plaintiff points to no direct medical evidence supporting a manipulative limitation that was not considered by Dr. Brooks.

Indeed the only evidence of manipulative limitations comes from Plaintiff's own testimony, which the ALJ addressed. AR 20. Plaintiff does not raise a separate claim contesting the ALJ's credibility findings. Instead, in cursory and undeveloped fashion, Plaintiff merely states in a footnote that the ALJ failed to provide "specific explanation for why her reported manipulative problems were not worthy of belief." *See* Pl.'s Brf. at p. 14, n. 11. Credibility findings are peculiarly within the province of the ALJ, *see Newbold v. Colvin*, 718 F.3d 1257, 1267 (10th Cir.

---

[6] Plaintiff cites a single treatment record – Dr. Zubair's notes addressing the test results which showed "evidence of an acute on chronic left C5 radiculopathy." *See* Pl.'s Brf. at p. 4 (*citing* AR 626). But no functional limitations are included in those treatment notes and the ALJ expressly noted this fact in discussing Dr. Zubair's treatment records. AR 21.

[7] *See, e.g., Howard v. Barnhart*, 379 F.3d 945, 948 (10th Cir. 2004) (rejecting claimant's argument that the ALJ relied on the "absence of evidence to reach his decision" that she could perform the demands of light work and "disagree[ing] with the claimant's implicit argument that the agency, not the claimant, has the burden to produce evidence of a claimant's functional limitations").

2013), and without further development of any challenge to those findings by Plaintiff, the Court declines to upset those findings.

## VI. Conclusion

In sum, the ALJ committed reversible legal error by failing to discuss Dr. Cruse's opinion and separately assess the effects of Plaintiff's non-severe mental impairment(s) in making the RFC determination. The ALJ's error necessitates a remand. Plaintiff's claim of error regarding the omission of manipulative limitations from the RFC lacks merit and should be denied.

## RECOMMENDATION

It is recommended that the Commissioner's decision be reversed and the matter remanded for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by August 30, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 16th day of August, 2017.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE