# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

SHANA SCHOONMAKER, )
)
    Plaintiff, )
)
v. ) Case No. CIV-16-1145-R
)
NANCY A. BERRYHILL, Acting )
Commissioner of Social Security )
Administration )
)
    Defendant. )

# ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Bernard M. Jones recommending reversal and remand of the Commissioner's decision to deny Plaintiff's disability insurance benefits ("DIB"). Doc. 29. Defendant objected, arguing that substantial evidence in the record supports the Administrative Law Judge's ("ALJ") "not disabled" finding under Title II of the Social Security Act. Doc. 30. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation de novo in light of Defendant's objection and ADOPTS it in its entirety. The decision of the Social Security Administration ("SSA") is REVERSED and remanded to the Commissioner for further proceedings consistent with this opinion.

## I. Background

The ALJ issued a decision on March 24th, 2015, that Plaintiff is not disabled and therefore not entitled to DIB. Doc. 14-2. The SSA outlines a five-step disability evaluation.

1

20 C.F.R. 404.1520(a); *see Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). The ALJ first found that Plaintiff has not engaged in "substantial gainful activity since January 23, 2012. Doc. 14-2, at 18.[1] The second and third steps entailed ALJ analysis of SSA-defined "severe impairments." *Id.* at 18–20. The ALJ found severe multiple sclerosis ("MS"), degenerative disc disease of lumbar spine, disc bulge of thoracic and cervical spine, and obesity. *Id.* Notably, the ALJ relied on Plaintiff's Function Report (Administrative Record ("AR") 237), a third party Function Report (AR 221), and Dr. Brooks' testimony (AR 41) to determine that Plaintiff's anxiety and depression did not cause more than a "minimal limitation" insufficient to constitute a "severe mental impairment."

Fourth, the ALJ found Plaintiff possessed the residual function capacity ("RFC") to "perform a wide range of light and full range of sedentary work." Doc. 14-2, at 20–23. In reaching this conclusion, the ALJ considered Plaintiff's claims and testimony, Dr. Valluck's medical report (AR 345), Dr. Brooks' testimony (AR 41), Dr. Zubair's report (AR 614, 784), the SSM St. Anthony Hospital Reports (AR 662, 823), Dr. Salrin's Physical Medical Source statement (AR 707), the Affordable Quality Care report (AR 466), and the Allied Physicians Group report (AR 495). Lastly, the ALJ concluded that Plaintiff is not disabled because her RFC does not prevent her from continuing past work as a "tax clerk, front office clerk, and collections representative." Doc. 14-2, at 23. The Commissioner thereafter adopted the ALJ's finding following Plaintiff's unsuccessful appeal.

---

[1] The Court uses ECF docket page numbers unless otherwise indicated by the administrative record ("AR").

On review, Judge Jones rejected Plaintiff's claim of ALJ error regarding manipulative limitations from the RFC, but found reversible error for two related, but distinct, reasons: First, the ALJ failed to discuss Dr. Cruse's opinion regarding Plaintiff's anxiety and depression. Second, the ALJ failed to assess these "nonsevere" mental impairments in making her RFC determination. Doc. 14-2, at 19.

Dr. Cruse performed Plaintiff's mental status exam on July 19th, 2011. AR 429. His relevant conclusions—which the parties agree the ALJ failed to consider—follow:

> Mental / emotional disorders include: anxiety and depression. . . . Occupational functioning has been severely impaired for one year and five months. Interpersonal functioning has been moderately impaired. Personal functioning, as reflected in activities of daily living, is limited to a moderately degree. . . . Treatment has produced moderate or partial return to functioning. Observations and responses in today's interview are believed to be of good reliability and validity. . . . Prognosis is judged to be fair. There appears to be a moderate probability that treatment will result in substantial improvement over the next twelve months. . . . Treatment with counseling and psychotropic medication are recommended.

AR 431–32.

Defendant objects to Judge Jones's Report and Recommendation.[2] Doc. 30. She argues that the ALJ's omission was harmless error because Dr. Cruse examined Plaintiff before the relevant disability period and Dr. Cruse's opinion comported with the remaining record. Plaintiff responds that Defendant materially distorts Dr. Cruse's prognosis and that the timing of Dr. Cruse's report is not determinative.

---

[2] The parties only object to Part V(A) of Judge Jones's Report and Recommendation, finding reversible error for failure to consider Dr. Cruse's medical opinion. Doc. 29, at 4. The Court therefore adopts Judge Jones's analysis in Part V(B), "Omission of Manipulative Limitations from the RFC." Doc. 29, at 8.

## II. Standard of Review

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989), and "requires more than a scintilla, but less than a preponderance.*"* *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261–62 (10th Cir. 2005). While the Court will "consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases . . . [the Court] will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005).

## III. Discussion

The ALJ committed two errors that are not harmless. First, she failed to consider Dr. Cruse's medical report at Step 2 of her decision. Second, she incorrectly calculated Plaintiff's RFC at Step 4.

### A. Legal Error

The ALJ erred in failing to consider Dr. Cruse's medical report at Step 2. An ALJ is required to evaluate "every medical opinion" it receives, 20 C.F.R. § 404.1527(c), and "discuss the uncontroverted evidence [s]he chooses not to rely upon, as well as

4

significantly probative evidence [s]he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). In other words, the ALJ must give "good reasons . . . for the weight assigned to a treating physician's opinion" and "if the ALJ rejects the opinion completely, [s]he must then give specific, legitimate reasons for doing so." *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (quoting *Watkins v. Barnhart,* 350 F.3d 1297, 1300–1301 (10th Cir.2003)). The ALJ found that Plaintiff "does not have a severe mental impairment," Doc. 14-2, at 18, despite Dr. Cruse's finding that Plaintiff had "severely impaired" occupational functioning. AR 432. The ALJ instead relied on Plaintiff's Function Report (AR 237), a third party Function Report (AR 221), and Dr. Brooks' testimony (AR 41).[3] She also acknowledged Plaintiff's "mental impairment of anxiety and/or depression," but found that this impairment "does not cause more than minimal limitation" to Plaintiff's mental functions. Doc. 14-2, at 19.

The ALJ's Step 2 analysis downplays Plaintiff's mental impairment without acknowledging Dr. Cruse's contrary findings. Specifically, it is unclear whether Plaintiff maintained "severely impaired" occupational functioning by the time she applied for DIB, given the "moderate probability" that treatment would remedy her mental health issues. AR. 432. The ALJ may not "make speculative inferences," *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002), or "pick and choose among medical reports, using portions of evidence favorable to [her] position while ignoring other evidence." *Hardman v.*

---

[3] The ALJ stated that she carefully considered the entire record, Doc. 14-2, at 18, but this will not mitigate her failure to discuss Dr. Cruse's opinion.

5

*Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004). Thus, the ALJ's failure to discuss Dr. Cruse's medical opinion constitutes error.

The ALJ further erred at Step 4 by using the wrong legal standard to calculate Plaintiff's RFC and ignoring Dr. Cruse's opinion. The ALJ must consider all of a claimant's "medically determinable impairments of which [she is] aware, including . . . medically determinable impairments that are not 'severe,' . . . when [she] assess[es] [a claimant's] residual function capacity." 20 C.F.R. § 404.1545(a)(2). Conversely, she calculated Plaintiff's RFC with only a cursory discussion of Plaintiff's mental health—she again omitted Dr. Cruse's contrary report from her analysis and concluded that "there is nothing showing [Plaintiff's] condition is at a severe level of limitations or impairment." Doc. 14-2, at 23. This conclusion distorts the relevant question and frames the Step 2 "no severe impairment" finding as determinative at Step 4. However, "*[a]ll* medically determinable impairments, including non-severe impairments, must be taken into account in assessing a claimant's RFC." *Mushero v. Astrue*, 384 F. App'x 693, 695 (10th Cir. 2010) (citing 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2)); *see also Wells v. Colvin*, 727 F.3d 1061, 1071 (10th Cir. 2013) ("[T]o the extent the ALJ relied on his finding of non-severity as a substitute for adequate RFC analysis, the Commissioner's regulations demand a more thorough analysis.") The ALJ therefore erred at Step 4 by conflating "all impairments" with "all severe impairments."

### B. Harmlessness

Granted, Dr. Cruse's report does not necessarily demand the ALJ find a "severe impairment" or calculate Plaintiff's RFC differently. Nor is the ALJ "required to discuss

6

every piece of evidence." *Clifton*, 79 F.3d at 1009. After all, Dr. Cruse's report labeled interpersonal and personal functioning as only "moderately impaired," with a "moderate probability" that treatment would cure these impairments. Similarly, Defendant points to the ALJ's consideration of evidence that Plaintiff had "normal mental status examinations" during the relevant disability period, Doc. 30, at 2. Plaintiff also had only mild limitations on daily living, social functioning, and concentration. Doc. 30, at 3–4. Perhaps this evidence would have been sufficient to discount or outweigh Dr. Cruse's more "severe" occupational functioning conclusion. But contrary to Defendant's approach, , the Court's role is not to speculate whether "the ALJ would have discounted any portion of Dr. Cruse's opinion that did not align with those findings." Doc. 22, at 9. Nor can the Court "substitute [its] judgment for the Commissioner's." *Hackett*, 395 F.3d at 1172.

Instead, to assess harmlessness the Court looks to whether "there is an inconsistency between the [omitted] opinion and the ALJ's assessment . . . ." *Mays v. Colvin*, 739 F.3d 569, 578–79 (10th Cir. 2014). To this question, Defendant's answers fall short. First, Defendant misstates the record—twice—to reconcile Dr. Cruse's conclusions. *Compare* Dr. Cruse's Report, AR 432 ("Treatment has produced *moderate or partial* return to functioning. . . . There appears to be a *moderate probability* that treatment will result in substantial improvement . . . .") (emphasis added), *with* Defendant's Brief in Support of the Commissioner's Decision, Doc. 22, at 9, *and* Defendant's Objection to the Magistrate Judge's Report and Recommendation, Doc. 30, at 3 ("Dr. Cruse opined that . . . treatment had produced a return to functioning and additional treatment would result in a 'substantial improvement.'").

7

Second, Defendant effectively concedes inconsistency between Dr. Cruse's opinion and the ALJ's findings. *See* Doc. 22, at 9 (Defendant arguing that "the ALJ would have discounted any portion of Dr. Cruse's opinion that did not align with [her] findings"). But the Court does not have to take Defendant at her word. As the error analysis above demonstrates, Dr. Cruse's opinion paints a much darker picture of Plaintiff's mental health, and the ALJ's failure to discuss it constitutes reversible error.

Third, Defendant contends that the omission is harmless because medical opinions predating the alleged onset of disability are "of limited relevance," *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008), but our inquiry does not end here. The ALJ must "give specific, legitimate reasons for" rejecting an opinion. *Robinson*, 366 F.3d at 1082. The Court has no idea how much weight the ALJ gave to Dr. Cruse's opinion because she did not even acknowledge it, so this temporal argument is beside the point. *See Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("[W]hen, as here, an ALJ does not provide any explanation for rejecting medical evidence, we cannot meaningfully review the ALJ's determination."). At least in the two cases Plaintiff cites to undercut the relevance of Dr. Cruse's opinion, the courts reviewed decisions that explicitly ascribed *some* weight to a medical opinion, giving legitimate reasons for discounting it. *See Carmickle*, 533 F.3d at 1165 ("The ALJ gave little weight to Dr. Nilaver's opinion because it was provided before Carmickle's alleged onset of disability . . . ."); *Ploughe v. Colvin*, No. 14-CV-00138-RBJ, 2014 WL 7403234, at *6 (D. Colo. Dec. 29, 2014) ("Dr. Vann's MSS was given little weight because it was prepared . . . a year before the alleged onset date."). Conversely, the ALJ here gave *no* such consideration.

Moreover, Dr. Cruse's 2011 findings are relevant to the ALJ's 2015 disability determination. "[E]ven if a doctor's medical observations regarding a claimant's allegations of disability date from earlier, previously adjudicated periods, the doctor's observations are nevertheless relevant to the claimant's medical history and should be considered by the ALJ." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). Dr. Cruse examined Plaintiff for various mental health issues and concluded that there was a "moderate probability that treatment will result in a substantial improvement over the next twelve months." AR 432. He did not examine Plaintiff for some sort of discrete easy-cure event that the ALJ would have necessarily discounted in her later disability determination. *See Carmickle*, 533 F.3d at 1165 (ascribing limited weight to medical opinions predating the alleged disability onset when "disability is allegedly caused by a discrete event."). Rather, it is unclear from the ALJ's discussion whether Plaintiff's mental health status sufficiently improved. Thus, Defendant's post hoc rationalization of how the ALJ would have viewed Dr. Cruse's opinion does not render the ALJ's omission harmless.

### IV. Conclusion

The ALJ's finding ignores inconsistent evidence in the record and applies the wrong legal standard for calculating residual function capacity. Further, these errors are not harmless. Therefore, the Report and Recommendation of the Magistrate Judge, Doc. 29, is ADOPTED in its entirety. The decision of the Commissioner of the Social Security Administration denying Plaintiff DIB is REVERSED and remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED this 5th day of October, 2017.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE