# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANA JOLENE SCHOONMAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-1145-R |
| ) | |
| ANDREW M. SAUL, Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the Motion for Attorney Fees under 42 U.S.C. § 406(b), filed on June 18, 2019, by Plaintiff's attorney, Gayle L. Troutman. (Doc. 44). Plaintiff's counsel seeks an award of $15,865.00 for legal work performed before this Court. Defendant did not file a response. Having considered counsel's request, the Court finds as follows.

42 U.S.C. § 406(b) governs attorneys' fees for proceedings before this Court and states in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). On October 5, 2017, the Court entered Judgment in favor of Plaintiff and remanded this matter to the Commissioner for additional proceedings. *See* Docs. 32–33. On remand, Plaintiff was found to have been disabled and, therefore, was entitled to an award of past due benefits totaling $63,460.00, thus precipitating the instant

motion. To facilitate any potential fee award, the Commissioner withheld twenty-five percent of the past-due amount for attorneys' fees. As noted, Plaintiff's counsel now seeks fees of $15,865.00, which constitutes twenty-five percent of Plaintiff's past-due benefits. The request is consistent with the attorney fee agreement executed by Plaintiff and counsel. *See* Doc. 44-1.

A motion for fees under § 406(b) must be filed within a reasonable time. The Commissioner notified Plaintiff's counsel via letter dated June 10, 2019, of the favorable determination and award of benefits to Plaintiff. *See* Doc. 44-2. Counsel filed the instant application on June 18, 2019. The Court finds the motion was filed within a reasonable time of the issuance of the award. Accordingly, the Court must consider whether the fee request is reasonable.

Where, as here, a fee agreement is in place, the Court must examine the reasonableness of its terms and reduce an award as appropriate "based on the character of the representation and the results the representative achieved." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). As noted, Plaintiff and counsel agreed to a twenty-five percent contingency fee. In support of the motion and her burden to establish that the fee request is reasonable, counsel attached a time report demonstrating that thirty-seven hours of attorney time and six hours of paralegal time were devoted to work before this Court. *See* Doc. 44-4. After considering the extent of work performed, the result obtained, and the fee award sought, the Court finds the amount to be a reasonable fee for the work performed. The benefit award to Plaintiff justifies the amount of time spent by the firm handling the

case and the evidence before the Court offers nothing to suggest the character of the representation or the results achieved were in any way deficient. There is no suggestion that counsel was not diligent in her representation or the cause of any delay. Thus, the Court finds the fee requested reasonable. However, because Plaintiff's counsel previously sought and received a $7,986.40 fee award pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, *see* Doc. 40, she must refund that amount to Plaintiff.

Accordingly, the instant motion (Doc. 44) is GRANTED. The Court hereby awards Plaintiff's counsel a fee of $15,865.00. While Gayle Troutman filed this motion as attorney for Plaintiff, the fee check should be made payable to Steve A. Troutman, of Troutman & Troutman, P.C., the signatory to the fee contract on behalf of the firm, per Ms. Troutman's request in the motion. *See* Doc. 44, at 14.

IT IS SO ORDERED this 17th day of July, 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE